NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 07 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JEREMY GORDON,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>MODEL N, INC., a Delaware corporation,<br><br>    Defendant-Appellant. | No. 16-16203<br><br>D.C. No. 3:15-cv-01423-WHA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted December 5, 2017[**]
San Francisco, California

Before: GRABER and N.R. SMITH, Circuit Judges, and ROSENTHAL,[***] Chief District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

Model N, Inc. appeals the district court's grant of summary judgment that Jeremy Gordon, Model N's principal technical education consultant, was not an administrative employee exempt from overtime pay under the California Labor Code. Reviewing the grant of summary judgment de novo, *Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154, 1161 (9th Cir. 2017), we affirm.

As part of Model N's global customer-service department, Gordon taught Model N's customers how to use its software. Besides his trainer responsibilities, Gordon created a "curriculum style guide"; a "clean training environment," which saved Model N approximately $100,000; an instructor's manual on training; training materials modified to meet customers' needs; and a "Wiki" to "organize departmental information and improve on-boarding time for new hires." Gordon did not negotiate contracts, develop programming or technical applications, or design or code any of Model N's software.

Section 515(a) of the California Labor Code exempts executive, administrative, and professional employees from overtime pay. California Industrial Welfare Commission regulations define the administrative exemption as follows:

[A]ny employee:

(a) Whose duties and responsibilities involve . . . :

(I) The performance of office or non-manual work directly related to management policies or general business operations of his/her employer or his employer's customers;

. . . .

(b) Who customarily and regularly exercises discretion and independent judgment; and

. . . .

(d) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge; [and]

. . . .

(f) Who is primarily engaged in duties that meet the test of the exemption. . . .

(g) Such employee must also earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment. Full-time employment is defined in California Labor Code Section 515(c) as 40 hours per week.

8 CAL. CODE REGS. § 11040(1)(A)(2).

The district court held, and the record shows, that "[a]lthough Gordon's work related to the heart of Model N's business, and the service he provided was essential to its success, his role in that work did not relate to the general operations of the business." Gordon's work did not relate to Model N's or its customers' management policies or general business operations. *See Eicher v. Advanced Bus.*

*Integrators, Inc.*, 61 Cal. Rptr. 3d 114, 119 (Cal. Ct. App. 2007). That is enough to make the exemption inapplicable.

After the district court entered its order, the parties stipulated to dismissal, with prejudice, of Gordon's claims for Model N's failure to itemize wage statements, for waiting-time penalties under the California Labor Code, and for overtime pay and liquidated damages under the Fair Labor Standards Act. We do not consider claims that the parties agreed to dismiss before the district court ruled on the remaining claims. *See Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 75 F.3d 1401, 1413 (9th Cir. 1996).

**AFFIRMED.**